**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual<br><br>Plaintiff,<br><br>v.<br><br>STATIC MEDIA INC., a Delaware corporation d/b/a "ISLANDS" and "EXPLORE"; and DOES 1-10,<br><br>Defendants. | Case No.: 1:26-cv-6804<br>_____ |

COMPLAINT

Dr. Elliot McGucken hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, including as harm occurred to McGucken here as the copyright owner residing in Los Angeles.

## PARTIES

4.     Dr. Elliot McGucken ("McGucken") is an individual currently residing in Los Angeles.

5.     McGucken alleges on information and belief that Defendant Static Media Inc., doing business as "Islands" and "Explore" ("Static"), is a Delaware corporation doing business in and with this judicial district.

6.     McGucken alleges on information and belief that Defendants Does 1 through 10, inclusive (collectively with Static, "Defendants"), are other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement of McGucken's copyrights, or have engaged in one or more of the

wrongful practices alleged herein. Their true names, whether corporate, individual, or otherwise, are presently unknown to McGucken, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7.     McGucken alleges on information and belief that at all times relevant hereto each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants and were at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages to McGucken proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHY

8.     McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in The Smithsonian Magazine, The National Parks Magazine, and other fine arts publications. He has authored numerous books and won over 100 photographic awards.

9.     McGucken owns and created the original photography depicted below (the "Subject Photography"):

//

//

## <u>SUBJECT PHOTOGRAPHY</u>

**Registration # VA0002235912**



**Registration # VA0002412574**



10.    McGucken complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photography, which McGucken has registered with the United States Copyright Office, under the registration numbers designated above.

11.    Prior to the acts complained of herein, McGucken widely publicly displayed and disseminated the Subject Photography, including on his social media profiles and/or personal webpages.

12.    McGucken alleges on information and belief that following his publication and display of the Subject Photography, Static used the Subject Photography without McGucken's authorization for commercial purposes in various ways, including, without limitation, by reproducing the Subject Photography on Static's owned and operated website and Instagram account, www.*islands.com*, *explore.com*, and *@islands_com*, respectively (the "Infringing Uses"). True and correct screen captures of the Infringing Uses are depicted below:

///

///

///

///

///

///

5

COMPLAINT

| **INFRINGING USES** |
| --- |
| **URL**: *https://www.islands.com/1582847/best-national-parks-close-driving-distance-near-las-vegas/* <br>  |
| **URL**: *https://www.islands.com/1613046/best-national-parks-los-angeles-california-escape-nature/* <br>  |

COMPLAINT

**URL:** *https://www.islands.com/stories/for-unparalleled-sunset-viewing-spots-head-to-this-us-national-park/*



**URL:** https://www.instagram.com/p/C9DhNb_xAn5/



COMPLAINT

**URL**: *https://www.explore.com/1592025/best-national-parks-close-distance-san-diego-california-escape-city/*



13.    McGucken alleges on information and belief that Static had access to the Subject Photography, including through McGucken's numerous online profiles and features, publications, press featuring his work, his social media accounts, his numerous physical photography exhibitions, and/or through viewing the Subject Photography on third-party websites (e.g., Twitter, Instagram, Pinterest, internet search engines, etc.).

14. McGucken has not in any way authorized Static to exploit the Subject Photography.

15. On or around March 13, 2025, McGucken sent a letter to Static through his undersigned attorney, demanding that it cease and desist all publication and display of the Subject Photography and the Infringing Uses. Static has failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against Defendants, and Each of Them)**

16. McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. McGucken alleges on information and belief that Defendants, and each of them, had access to the Subject Photography, including, without limitation, through viewing McGucken's website, online profiles, publications, and features, as well as accessing illegally distributed copies of the Subject Photography by third-party vendors and/or Doe Defendants.

18. Due to Defendants', and each of their, acts of infringement, McGucken suffered substantial damages to his business in an amount to be established at trial.

19. Due to Defendants', and each of their, acts of infringement, McGucken suffered general and special damages in an amount to be established at trial.

20.    Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photography. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photography in an amount to be established at trial.

21.    McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, McGucken will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against Defendants and Each of Them)**

22.    McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23.    McGucken alleges on information and belief that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the

illegal publishing and display of the Subject Photography, having the ability and right to supervise, direct, cancel, or otherwise modify the Infringing Uses.

24. McGucken alleges on information and belief that Defendants, and each of them, had direct oversight or involvement in the Infringing Uses and thus knew, induced, caused, or materially contributed to the infringement of McGucken's rights as alleged herein.

25. McGucken alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

27. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photography. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photography, in an amount to be established at trial.

COMPLAINT

28.    McGucken alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, McGucken will make his election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

**(For Violation of 17 U.S.C. § 1202(a) and (b) – Against Defendants and Each of Them)**

29.    McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30.    The Subject Photography was routinely published with attribution information including McGucken's name and the title of the work, all of which identify McGucken as the author and owner of the Subject Photography and qualify as copyright management information ("CMI").

31.    McGucken alleges on information and belief that Defendants, and each of them, removed McGucken's CMI, as described above, from the Subject Photography and/or added false CMI to the Subject Photography, attributing it to another artist, seller, and/or source, before publishing and displaying same.

32.     McGucken alleges on information and belief that Defendants', and each of their, addition of their CMI to any publication and display, in whole or in part, of the Subject Photography was false because Defendants do not own any rights or license relevant to the Subject Photography.

33.     McGucken alleges on information and belief that Defendants, and each of them, distributed digital content bearing false CMI, including without limitation, CMI indicating that they held rights in or a license relevant to the Subject Photography.

34.     McGucken alleges on information and belief that, Defendants, and each of them, removed McGucken's CMI from his work, and appended their false CMI to his work, and distributed false CMI knowingly, intentionally, and with an intent to conceal their own infringement.

35.     The above conduct violates 17 U.S.C. § 1202(a) and (b) and McGucken therefore seeks separate statutory damages awards for each violation as well as attorneys' fees any other damages resulting from the violations.

## PRAYER FOR RELIEF

WHEREFORE, McGucken prays for judgment as follows:

### Against all Defendants, and Each of Them:

With Respect to Each Claim for Relief:

a.      That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photography, including, without

limitation, an order requiring Defendants, and each of them, to remove the Subject Photography from their respective websites, catalogs, marketing, and advertising materials;

b.    That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages under 17 U.S.C. § 1203, and any other applicable law;

c.    That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's rights;

d.    That Plaintiff be awarded his attorneys' fees as available under 17 U.S.C. §§ 505 and/or 1203;

e.    That Plaintiff be awarded his costs and fees under the statutes set forth above;

f.    That Plaintiff be awarded pre- and post-judgment interest as allowed by applicable law; and

g.    That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

COMPLAINT

## JURY DEMAND

McGucken demands a jury trial on all issues so triable pursuant to Fed. R. Civ.

P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 10, 2026

By:   */s/ David Michael Stuart Jenkins, Esq.*
David Michael Stuart Jenkins, Esq.
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
djenkins@donigerlawfirm.com
scott@donigerlawfirm.com
Attorneys for Plaintiff

COMPLAINT